IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Gregg-Wilson, a/k/a Michael P.L. Gregg-Wilson, | C/A No.: 3:15-807-TLW-SVH |
| Plaintiff, | |
| vs. | |
| Nelson Mullins Riley and Scarborough LLP; Sue Erwin Harper; Foley & Lardner LLP; Christina M. Kennedy; John S. Lord, Jr.; Duff White and Turner LLC; David T. Duff; Joseph Daniel Dickey, Jr.; EFC Trade, Inc.; Duncan M. Anderson; James Herbst; Jennifer Yarnell; Abraham J. Turner; Romi Y. Robinson; and Leland M. Caulder, Jr., | REPORT AND RECOMMENDATION |
| Defendants. | |

Michael Gregg-Wilson ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action alleging claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. Plaintiff identifies the following individuals and entities as defendants: (1) the law firms of Nelson Mullins Riley and Scarborough LLP, Foley & Lardner LLP, and Duff White and Turner LLC ("Law Firms"); (2) Law Firms partners Sue Erwin Harper, Christina M. Kennedy, John S. Lord, Jr., David T. Duff, and Joseph Daniel Dickey, Jr. (referred to collectively with Law Firms as "Law Firm Defendants"); (3) EFC Trade, Inc., and its employees Duncan M. Anderson, James Herbst, and Jennifer Yarnell ("EFC Defendants"); and (4) South Carolina Department of Employment and Workforce employees Abraham J.

Turner, Romi Y. Robinson, and Leland M. Caulder, Jr. ("SCDEW Defendants") (all collectively referred to as "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff previously filed a lawsuit against EFC Defendants and SCDEW Defendants alleging race discrimination and retaliation related to his prior employment with EFC Trade, Inc., and denial of unemployment benefits by SCDEW. *Gregg-Wilson v. EFC Trade, Inc.*, C/A No. 3:12-2923-TLW-SVH ("*Gregg-Wilson I*"). Many of the allegations in the instant case are duplicative of those previously adjudicated in *Gregg-Wilson I*. Law Firm Defendants separately represented the defendants in *Gregg-Wilson I*.

Plaintiff's complaint is replete with legalese and conclusions of law, and it is difficult to discern the underlying facts upon which he bases his claims. Plaintiff alleges that Defendants conspired to deny him "employment, compensation, a fair hearing or review of facts," and threatened "the livelihood, health, and economic viability of plaintiff, his family, and progenies." *Id.* at 17. Plaintiff alleges that SCDEW Defendants allowed:

> [Caulder] to conduct a hearing in which plaintiff had no knowledge or means of confirming what was discussed or agreed upon outside of his auditory presence. Nor was any tape, transcript or verbal explanation ever

2

> provided to plaintiff, despite numerous documented legal, written, and verbal requests as applicable under State and Federal Law. False documents and statements were knowingly allowed into record. Statements were made that are chronologically impossible given legally documented and dated fact material and causal sequence of events.

*Id.* Plaintiff claims that Defendants denied him unemployment compensation and "blackballed" him from state jobs. *Id.* at 18.

Plaintiff's claims against Law Firm Defendants appear to stem from their alleged failures in *Gregg-Wilson I*, such as allegations that they: (1) failed to respond to communications concerning Plaintiff's documents, evidence, and request for documents; (2) failed to effect an equitable settlement of claims; and (3) forced Plaintiff into a "proliferation of litigation in a torturous attempt to recover claims sought for personal injury, abridgements and deprivations by co-defendants." *Id.* at 18–19. Plaintiff also claims that Law Firm Defendants were allowed to file "frivolous, dilatory, perjured, and non-responsive motions without sanctioning by the Court or judicial actions on motions filed by Plaintiff." *Id.* at 23.

Plaintiff also alleges that SCDEW Defendants and EFC Defendants failed to: (1) promptly investigate and process Plaintiff's employment claims; (2) settle unemployment insurance claims; and (3) provide him with legal authority for denying his claims without a settlement. *Id.* at 19–20. Plaintiff claims Defendants denied him "all attempts for a proper, valid non-discriminatory claim." *Id.* at 20.

Plaintiff alleges that all of Defendants' alleged "violations and deprivations" were "based virtually exclusively on the color of his skin and numerous statistics, documenting majority biases against minority plaintiffs achieving equitable remedies, restitution, or

3

redress." *Id.* at 25, 26–27. Plaintiff seeks monetary damages, and declaratory, injunctive, and other appropriate equitable relief. *Id.* at 3, 27–28.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

4

Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Plaintiff alleges a violation of his constitutional rights pursuant to 42 U.S.C. §§ 1983, 1981, and 1985. [ECF No. 1 at 3–4].

1.  Claims Pursuant to § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

a.  Private Action

Plaintiff's claims of constitutional violations by Law Firm Defendants and EFC Defendants must be dismissed because these defendants are not state actors and cannot have acted under the color of state law. Purely private conduct such as that alleged against Law Firm Defendants and EFC Defendants, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under the Constitution. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Plaintiff's contention that Law Firm Defendants acted under the color of state authority [ECF No. 1 at 4–6], without more, is insufficient to establish state action. *See Davis v. Prometric, Inc.*, No. 13-3611-MBS, 2014 WL 4716493, *4 (D.S.C.

5

Sept. 22, 2014) (finding that Plaintiff's assertion of state action was speculative and unsupported by factual allegations and therefore insufficient to establish that defendant was a state actor). Therefore, Plaintiff's § 1983 claims against Law Firm Defendants and EFC Defendants are subject to summary dismissal.

### b.     State Actors

Plaintiff alleges that SCDEW Defendants improperly dismissed his unemployment benefits claim and are blackballing him from state jobs.  Plaintiff also contends that these actions were due to his ethnicity/race.

Such allegations are insufficient to support a race discrimination claim under § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (finding that plaintiff must "offer more detail, however, than the bald statement that he has a valid claim of some type against the

6

defendant"). Plaintiff has not provided any allegations to support his conclusion that he was unconstitutionally denied unemployment benefits or blackballed from state jobs. Additionally, he has offered nothing beyond his own speculation to support a claim that Defendants' alleged actions were based on his race.

Because Plaintiff's complaint provides insufficient factual allegations to state a § 1983 claim against SCDEW Employees, the undersigned recommends that this claim be dismissed.

2. Claims brought pursuant to 42 U.S.C. § 1981

Section 1981 provides that "[a]ll persons . . . have the same rights . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Making and enforcing contracts includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Therefore, to pursue a claim under § 1981, Plaintiff must prove that Defendants "intended to discriminate [against him] on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006). Plaintiff fails to allege sufficient facts to show that Defendants intentionally discriminated against him on the basis of race concerning any of the activities enumerated in 42 U.S.C. § 1981. Plaintiff's claims brought pursuant to § 1981 claim are subject to summary dismissal.

3.    Conspiracy claim pursuant to 42 U.S.C. § 1985

Plaintiff alleges that Defendants conspired to violate his rights for racially-discriminatory reasons. Pursuant to 42 U.S.C. § 1985, an alleged conspiracy must be pled and proved by concrete facts showing that defendants participated in a joint plan of action. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Plaintiff provides no concrete facts to demonstrate that Defendants came to a mutual understanding or acted jointly in concert to deprive Plaintiff of any constitutional right. Plaintiff also fails to allege sufficient facts to show that Defendants acted with a discriminatory motive. Accordingly, the conspiracy allegations asserted by Plaintiff are subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 10, 2015                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).